UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND (PROVIDENCE)

| | | |
|---|---|---|
| **TVL B ROADCASTING, INC.,** | § | CA 06 101 L |
| **Plaintiff,** | § | |
| **V.** | § | **NO. __________** |
| **CHARLES TREMAYNE, an Individual, CHARLES TREMAYNE, d/b/a GRANADA AMERICA, GRANADA INTERNATIONAL MEDIA, INC d/b/a GRANADA AMERICA, DISCOVERY COMMUNICATIONS, INC., and DISCOVERY TIMES CHANNEL, LLC,** | § | **JURY DEMANDED** |
| **Defendants.** | § | |

**COMPLAINT**

Plaintiff TVL Broadcasting, Inc. ("Plaintiff") complains of Defendants Charles Tremayne, individually and doing business as Granada America, Granada International Media, Inc. d/b/a Granada America, Discovery Communications, Inc., and Discovery Times Channel, LLC as follows:

**Parties, Jurisdiction and Venue**

1. Plaintiff is a Delaware corporation which maintains its principal place of business in Providence, Rhode Island.

2. Upon information and belief, Defendant Charles Tremayne ("Tremayne") is an individual residing at 77 Dearborn Avenue, Rye, New York 10580 and is doing business as Granada America at 609 Greenwich St., 9th floor, New York, NY 10014.

3. Upon information and belief, Defendant Granada International Media, Inc. d/b/a Granada America ("Granada") is a Delaware corporation with its principal place of business at 15303 Ventura Blvd., Bldg. C, Suite 800, Sherman Oaks, California 91403.

4. Upon information and belief, Defendant Discovery Communications, Inc. ("DCI") is a Delaware corporation which maintains its principal place of business at One Discovery Place, Silver Spring, MD 20910.

5. Upon information and belief, Defendant Discovery Times Channel, LLC ("DTC") is a Delaware foreign limited liability company with its principal place of business at One Discovery Place, Silver Spring, MD 20910.

6. This Court has subject matter jurisdiction over this action based on the United States Copyright Act, 17 U.S.C. §101 et seq. (the "Copyright Act"), 15 U.S.C. §1121, and 28 U.S.C. §§ 1331 and 1338.

7. The Court has personal jurisdiction over the Defendants. The Court has general jurisdiction over DCI and DTC because their contacts with this district are continuous and systematic. The Court also has specific jurisdiction over the Defendants because (i) the Defendants have purposefully directed their activities to this district, have done business in this district, and purposefully availed themselves of the privilege of conducting activities within this district; (ii) some of the events which give rise to the claims asserted in this action occurred in this district and the effects of the Defendants' conduct were felt in this district; and (iii) the exercise of jurisdiction comports with notions of fair play and substantial justice.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(a).

**Factual Background**

9. Plaintiff authored a videotape of a fire that occurred on February 20, 2003, at The Station, a nightclub in West Warwick, Rhode Island (the "Video").

10. In 2003, Plaintiff registered the Video with the Register of Copyrights, Certificate of Registration number PAu2-860-119.

11. Upon information and belief, DCI is an owner of the Discovery Times Channel television network, which has its programs broadcast through cable and satellite television stations throughout the United States.

12. Upon information and belief, in 2005 and 2006, Granada, Tremayne, DCI and DTC (collectively, the "Defendants") collaborated in the creation of a television program, to be broadcast on the Discovery Times Channel television network, entitled "Decoding Disaster" (the "Program"). The Program relates, in part, to the fire that occurred on February 20, 2003 at The Station. Portions of the Program were filmed in West Warwick, Rhode Island. DCI claims to own the copyrights in the Program.

13. The Program includes video footage taken from an unauthorized copy of some or all of the Video. The quality of the video footage included in the Program is inferior to the quality of the video footage on the Video. In the Program, video footage is credited to "WPRI Rhode Island."

14. On or about October 12, 2005, Tremayne, Executive Vice President of "Granada America" and Executive Producer of the Program, sent an email to WPRI in Providence, Rhode Island. WPRI is the Channel 12 television station in Providence, Rhode Island that is owned by Plaintiff. In that correspondence, Mr. Tremayne requested permission to use footage from Plaintiff's copyrighted videotape footage in connection with a "project" "for the Discovery Times Television Channel" relating to The Station fire. On October 19, 2005, that request for permission was denied in writing by WPRI.

15. On or before October 12, 2005, Defendants were aware of Plaintiff's ownership of the copyrights in the Video.

16. On February 25, 2006, Plaintiff became aware of a newspaper article that appeared in that day's edition of the Providence Journal. According to the article, the Program was to be broadcast on the Discovery Times channel television network on February 26, 2006, and the article

stated that the Program "also includes footage, shot by a Channel 12 cameraman, that has not been widely aired before. That includes potentially disturbing shots of a pile of concertgoers who tripped as they exited the club's front door." On February 25, 2006, having learned that the Program included portions of Plaintiff's copyrighted video footage captured on the Video, Plaintiff wrote to DCI, notifying it of Plaintiff's copyright ownership in the Video. Further, Plaintiff demanded that DCI, any of its related entities, and anyone acting in concert therewith, among other things, (1) immediately cease and desist from any use of footage from Plaintiff's copyrighted videotape, (2) immediately cease and desist from broadcasting any version of the Program that includes any footage captured from Plaintiff's copyrighted videotape; and (3) prevent any broadcasting of any version of the Program, through any third parties including cable and satellite outlets and otherwise, that includes any footage captured from Plaintiff's copyrighted videotape. On February 26, 2006, Plaintiff informed Tremayne and Granada of its copyright interests in the Video and concerns about the Program.

17. Upon information and belief, on or before February 25, 2006, Defendants also created one or more commercials promoting the Program that include video footage taken from an unauthorized copy of some or all of the Video (the "Commercials"). The quality of the video footage included in the Commercials is inferior to the quality of the video footage on the Video. On or before February 25, 2006, Defendants distributed the Commercials to multiple cable and satellite companies throughout the United States. On or before February 25, 2006, Defendants, through these cable and satellite companies, broadcast the Commercials on the Discovery Times Channel television network. This included broadcast of the Commercials in Providence, Rhode Island through Cox Cable Communications (Channel 102), DirecTV (Channel 285), and Dish Network (Channel 192). After February 25, 2006, Defendants, on multiple occasions, broadcast the Commercials on the Discovery Times Channel television network through multiple cable and

satellite stations, including Cox Cable Communications (Channel 102), DirecTV (Channel 285), and Dish Network (Channel 192), in Providence, Rhode Island. Furthermore, Defendants, upon information and belief, intend to re-broadcast the Commercials in Providence, Rhode Island and throughout the United States in the future.

18. Despite Plaintiff's demand and despite Defendants' awareness of Plaintiff's copyrights in the Video, Defendants broadcast the Program on February 26, 2006 and February 27, 2006 on the Discovery Times Channel television network through multiple cable and satellite stations through the United States. On those dates, the Program was broadcast in Providence, Rhode Island through Cox Cable Communications (Channel 102), DirecTV (Channel 285), and Dish Network (Channel 192). Furthermore, despite Plaintiff's demand and despite Defendants' awareness of Plaintiff's copyrights in the Video, Defendants, upon information and belief, intend to re-broadcast the Program in Providence, Rhode Island and throughout the United States beginning on March 20, 2006.

19. If Defendants are not enjoined from their unlawful conduct, they can and will continue to copy and use Plaintiff's copyrighted videotape footage, and will continue to distribute and broadcast the Commercials and the Program in violation of 17 U.S.C. §501 et seq. and 15 U.S.C. §1125(a).

## COUNT I: COPYRIGHT INFRINGEMENT

20. Plaintiff repeats and realleges paragraphs 1-19 as though fully set forth herein.

21. At all times relevant hereto, Plaintiff has been and still is the owner and proprietor of all right, title and interest, including copyrights, in and to the Video.

22. The Video contains material wholly original with Plaintiff and is copyrightable subject matter under the copyright laws of the United States.

23. With full knowledge of Plaintiff's rights therein, Defendants have infringed and continue to infringe Plaintiff's copyrights by making copies of some or all of the contents of the Video; and by creating, distributing, copying and broadcasting the Commercials and the Program, which include portions of the contents of the Video. Such copying, use, creation, distribution and broadcasting were done by Defendants without the consent, approval or license of Plaintiff. The Commercials and Program contain copies of footage from the Video, all in violation of Plaintiff's copyrights.

24. Defendants' acts as aforesaid violate Plaintiff's exclusive rights under §106 of the Copyright Act of 1976, 17 U.S.C. §106, and constitute willful infringement of Plaintiff's copyrights. By reason of Defendants' infringements and threatened infringements of Plaintiff's copyrights, Plaintiff has sustained and will continue to sustain harm.

25. Plaintiff is entitled to an injunction pursuant to 17 U.S.C. §502 restraining Defendants, their officers, agents, employees, and all persons acting in concert with them, from infringing Plaintiff's copyright rights, damages and profits pursuant to 17 U.S.C. §504, attorneys' fees and costs.

**COUNT II: CLAIMS UNDER THE LANHAM ACT**

26. Plaintiff repeats and realleges paragraphs 1-19 as though fully set forth herein.

27. Defendants falsely implied that Plaintiff agreed to, licensed and/or sponsored the use of the Video in connection with the Program. Further, Defendants, in commercial advertising and promotion, misrepresented the nature, characteristics and qualities of the Video.

28. Defendants' acts have and will continue to comprise a use of a false description of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his

or her goods, services, or commercial activities by another person and, in commercial advertising or promotion, has misrepresented and is misrepresenting the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, all to Plaintiff's injury and in violation of 15 U.S.C. §1125(a).

29. By reason of Defendants' actions and threatened actions, Plaintiff has sustained and will continue to sustain harm.

30. Plaintiff is entitled to an injunction pursuant to 15 U.S.C. §1116 restraining Defendants, their officers, agents, employees, and all persons acting in concert with them, from violations of 15 U.S.C. §1125(a), damages and profits pursuant to 15 U.S.C. §1117, attorneys' fees and costs.

WHEREFORE, Plaintiff requests that the Court grant it the following relief:

A. That Defendants, their officers, agents, employees, and all persons acting in concert with them, be permanently enjoined from infringing Plaintiff's copyrights and other proprietary rights in the Video by their copying, use, distribution and broadcasting of the Commercials and the Program;

B. That Defendants, their officers, agents, employees, and all persons acting in concert with them, be permanently enjoined from falsely implying that Plaintiff agreed to, licensed and/or sponsored the use of the Video in connection with the Program;

C. That Defendants, their officers, agents, employees, and all persons acting in concert with them, be permanently enjoined from misrepresenting the nature, characteristics and qualities of the Video in commercial advertising and promotion;

D. That Defendants be required to pay to Plaintiff such actual damages as it has sustained as a result of Defendants' copyright infringement pursuant to 17 U.S.C. §504(b);

E. That Defendants be required to account for and disgorge to Plaintiff all gains, profits, and advantages derived by their copyright infringement pursuant to 17 U.S.C. §504(b);

F. That Defendants be required to pay Plaintiff statutory damages pursuant to 17 U.S.C. §504(c);

G. That Defendants be required to pay Plaintiff an increase in the award of statutory damages due to Defendants' willful infringement pursuant to 17 U.S.C. §504(c)(2);

H. That Defendants be required to account for and disgorge to Plaintiff all gains, profits, and advantages derived by Defendants pursuant to 15 U.S.C. §1117(a);

I. That Defendants be required to pay to Plaintiff its actual damages pursuant to 15 U.S.C. §1117(a);

J. That Defendants be required to pay to Plaintiff an award of three times the amount of compensatory damages pursuant to 15 U.S.C. §1117;

K. That Defendants be ordered to pay to Plaintiff the costs of this action along with reasonable attorneys' fees; and

L. That Plaintiff be granted such further relief as the Court deems just.

Plaintiff **demands** trial by jury.

Respectfully submitted,

Plaintiff TVL BROADCASTING, INC.
by its Attorneys,

Richard W. MacAdams /DMR
Denean M. Russo

Richard W. MacAdams, #1681
Denean M. Russo, #5043
MacADAMS & WIECK INC.
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700 - Telephone
(401) 454-8755 – Fax

DATED: MARCH 6, 2006