AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Rhode Island

TVL Broadcasting, Inc.

V.

Charles Tremayne, an individual, et al

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 06-101 L

TO: (Name and address of Defendant)

Charles Tremayne
77 Dearborn Avenue
Rye, New York 10580

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard W. MacAdams
Denean M. Russo
MacAdams & Wieck Inc.
101 Dyer Street, Suite 400
Providence, RI 02903

an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

3/14/06

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE 3-18-06 10:37 a.m. |
|---|---|
| NAME OF SERVER *(PRINT)* Jeffrey Farrington #1023758 | TITLE Private Process Server |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the third-party defendant. Place where served: 77 Dearborn Avenue, Rye New York 10580

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: ________

☐ Returned unexecuted: ________

☐ Other (specify): ________

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 4-3-06
Date

[signature]
Signature of Server Jeffrey Farrington

Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| -vs- | * | Cr. No. 97-103-L |
| ANTHONY SILVA, | * | |
| Defendant. | * | |

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE

Contrary to what the government suggests here that this Court should let the Bureau of Prisons determine this matter, it is the same Bureau of Prisons (BOP) staff who wrote the government "seeking assistance in clarifying the commencement date of Mr. Silva's federal sentence." See letter of January 12, 2001, attached to the government's response. Ironically also, the government succinctly explained to the BOP that "Chief Judge Lageux found that Silva had in fact been in exclusive federal custody from December 12, onward. Silva had been ordered detained by the Magistrate judge at the time of his arraignment on that date," as such this Judge's order was correct to have the sentence commence on December 12, 1997. See letter of November 16, 1998.

The BOP's reluctance in following this Court's order is actually erroneous because they are reading the language of the statute wrong. See 18 U.S.C., §2585(a):"A sentence to a term of imprisonment commences on the date the defendant is receieved in custody awaiting transportation to...the official detention facility at which the sentence is to be served..." As such this court's sentence which ordered commencement

on December 14, 1997 is correct, and if anything, this Court should clarify to the BOP, that it's order conforms with the language of the statute, as the BOP is seeking clarification. Alternatively, this Court should employ an extraoridnary measure in form of a write to compel the BOP to obey his order and execute it properly as envisioned by this Court. This Court should not condone a heartless deviance of its order by the staff of the BOP under the guise that Rule 36, Fed.R. Crim Proc. is not the proper vehicle to correct the record. Furthermore, this Court could enter a tunc pro tunc order of sentencing in aid of its clarification, for imposition of sentence on December 12, 1997. This ought to clear the confusion, or this Court could employ an extraordinary writ to enter an order reducing Defendant's sentence by six months in order to reflect the Court's original sentencing intent.

There is absolutely no reason for this Defendant to be bounced back and forth to all sorts of forum when this Court can clarify the sentence it imposed.

Wherefore, Defendant respectfully prays.

Respectfully Submitted:

Anthony Silva, Pro Se
Defendant

## Certificate of Service

I certify that a true and correct copy of the within Reply has been sent to the following:

Stephenie S. Browne, AUSA
United States Attorney's office
District of Rhode Island
Fleet Center
50 Kennedy Plaza, Eight Floor
Providence, Rhode Island 02903

Respectfully Submitted:

Anthony Silva, Pro Se
Defendant

Dated: 14 day of March, 2006.